ALEXANDER B. SIEGEL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82863.   Promulgated January 10, 1939.

*Alexander B. Siegel, Esq.,* pro se.
*Frank B. Schlosser, Esq.,* for the respondent.

62

## OPINION.

Van Fossan : Technically, the question at bar is the basis to be used in determining the gain, or loss, if any, on the sale by petitioner in 1933 of certain stock acquired in 1930 by the exercise of an option. Petitioner contends that the option had been acquired by gift and that the basis is accordingly the basis to the transferor, i. e., the fair market value of the right. (Sec. 113 (a) (2), Revenue Act of 1932).

Although the option was received by the donors in December 1929, it had no fair market value at that time. Its value was entirely dependent on, and was fixed by, the consummation of the sale contract, which did not occur until January 7, 1930. This fact undoubtedly accounts for the Commissioner's action in taxing the receipt of the same to the donors in 1930 at its then value of $20 per share. No question is presented on this phase of the case. Respondent's counsel concedes that if the option was transferred to petitioner as a gift there is no tax due on the transaction. Respondent claims, however, that the option was acquired as compensation for services rendered and that accordingly the cost paid when the option was exercised, 28 cents per share, is the basis of gain or loss on the shares sold.

The Supreme Court, in *Bogardus* v. *Commissioner*, 302 U. S. 34, held that the determination of the question whether a payment was compensation or was a gift was a question of law or a mixed question of law and fact, and that the terms, "gift" and "compensation for personal services" were mutually exclusive. A bestowal of money can not be both. The Court stated, "if it be in fact a gift that is an end of the matter." Addressing itself to the case in hand the Court observed:

In sum, then, the case comes to this : The stockholders of the Unopco, having at the time no connection with the Universal Company, but rejoicing in the fact of their own great good fortune, and mindful of the former loyal support of a number of employees of the Universal Company, and desiring to remem-

ber them "in the form of a gift or honorarium," resolved to make through the Unopco Company the distribution in question. In doing so, they were moved, as Judge Swan said in his dissenting opinion below, to an act of "spontaneous generosity." We agree with this dissenting opinion of Judge Swan, and the dissenting opinion of Judge Morton in *Walker* v. *Commissioner*, supra, as stating the correct view of the matter.

The only facts which even seem to militate against this view are: (1) That the Unopco stockholders had benefited by the former services of the recipients; (2) that the stockholders at their meeting described the payment as a gift or "honorarium"; and (3) that the resolutions authorized the payment as a "bonus * * * in recognition of the valuable and loyal services" of the employees, etc.

1. Because the Unopco stockholders had benefited by the past services of the recipients, it by no means follows that the distribution in question was not a gratuity. It nowhere appears in the record that full compensation had not been made for these services. There would seem to be a natural inference to the contrary; and the inference is made determinate by the stipulated fact that no one was under any obligation, legal or otherwise (and this would include a moral obligation, however slight), "to pay any additional compensation." There is no ground for saying that the benefit received and the compensation then paid for it were not equivalents.

The Court also stated:

Some stress is laid on the recital to the effect that the bounty is bestowed in recognition of past loyal services. But this recital amounts to nothing more than the acknowledgment of an historic fact as a reason for making the gifts. A gift is none the less a gift because inspired by gratitude for the past faithful service of the recipient.

Testing the facts of record by the criteria thus laid down, it is clear that the transfer of the option was in every sense a gift. It was so specifically characterized by both parties. Compensation in the full amount agreed on had been paid. It came as a surprise to petitioner and was conceived and suggested by the donor. On receipt by petitioner it was gratuitously apportioned by him among certain of his associates but not in the ratio of participation and ownership in the firm business. The only premises on which respondent's case is based are the fact that the relationship of attorney and client had existed, the coincidence in time with the payment of fees, and the further fact that the assignment was inspired by appreciation of valuable services rendered. But the Supreme Court has indicated clearly that these circumstances are not sufficient to defeat a gift if in fact a gift is intended and carried out.

Counsel having agreed that a holding to the above effect is dispositive of the case, no purpose will be served by further discussion.

*Decision will be entered under Rule 50.*